UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHEW FEI CHIN,

    Petitioner,

v.

TIMOTHY S. AIKEN, et al.,

    Respondents.

Case No. 15-cv-05034-JST (PR)

**ORDER OF TRANSFER**

    Shew Fei Chin has filed a habeas petition under 28 U.S.C. § 2241 to challenge the legality of his custody by the U.S. Immigration and Customs Enforcement ("ICE"), pending his removal from the United States. He is incarcerated at the Yuba County Jail in Marysville, California.

    Generally, 28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. § 2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (listing "pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction" as examples of when Section 2241 applies). Section 2241 is the proper basis for the instant petition because petitioner is challenging his detention pending removal.

    The petition must be transferred because jurisdiction does not lie in this district. Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted the "within their respective jurisdiction" language to mean that a Section 2241 petitioner challenging his present physical custody must file a petition for a writ of habeas corpus in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004).

1  Petitioner is confined in Yuba County, which is in the Eastern District of California.
2  Accordingly, pursuant to 28 U.S.C. § 1404(a) and Habeas Local Rule 2254-3(b), and in the
3  interests of justice, this petition is TRANSFERRED to the United States District Court for the
4  Eastern District of California.

5  Ruling on petitioner's motion for appointment of counsel will be deferred to the Eastern
6  District.

7  The Clerk shall transfer this matter forthwith.

8  IT IS SO ORDERED.

9  Dated:  November 17, 2015

_____
JON S. TIGAR
United States District Judge

2